Tiffany N. Romine (SBN 269755)
2315 N. Fairview Space D
Burbank, CA 91504
Phone: (614) 202-8546
Facsimile: (614) 228-0520
Email: tnromine@gmail.com

Avonte D. Campinha-Bacote* (OH Bar No. 0085845)
CAMPINHA-BACOTE & STARLING, LLC
341 S. Third Street, Suite 200
Columbus, Ohio  43215
Telephone: (614) 453-4276
Fascimile:  (614) 228-0520
Email: Avonte.Campinha-Bacote@CBandStarling.com
*Pro Hac Vice

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INDER SINGH, et al.,<br><br>                     Plaintiffs,<br>     vs.<br><br>KOGENT CORPORATION, et al.,<br><br>                     Defendants. | Case No. 11-CV-03934 PSG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT KOGENT CORPORATION'S MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

### I.     INTRODUCTION

Defendant Kogent Corporation's Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike should be denied.  As an initial matter, Defendant agrees that Plaintiffs' first cause of action for breach of contract is not subject to dismissal.  Apart from

Defendant Kogent Corporation ("Kogent" or "Defendant") repackaging the arguments asserted on behalf of Defendant Saxena, Kogent bases its Motion to Dismiss on 1) Plaintiffs' citizenship, which it claims denies Plaintiffs protection under California law and the FLSA; and 2) the location of work performed, which it also claims prevents Plaintiffs from recovering under the FLSA. The remaining arguments are identical to those of Defendant Saxena, insofar as Kogent claims that Plaintiffs are not "employees" under the Act, and therefore should not prevail on many of its claims. For the same reasons, Kogent moves to strike Plaintiffs' request for damages. Kogent also submits a Motion for a More Definite Statement, arguing that it is impossible to decipher against whom a claim is being made.

      Defendant's Motion to Dismiss and Motion for a More Definite Statement should be dismissed because 1) Plaintiffs' citizenship does not preclude them from protection under California and federal law, and 2) Plaintiffs' have satisfied their burden under Fed. R. Civ. P. 8(a)(2) and have provided Defendants with a short and plain statement showing how they are entitled to relief. Defendant's Motion to Strike Plaintiffs' request for punitive damages, "additional damages", and attorney's fees under the California Labor Code, should be similarly denied. As set forth below, Plaintiffs have alleged sufficient facts to warrant punitive damages, namely, that Kogent has acted with fraud. Plaintiffs have an abundance of evidence substantiating any and all claims against the Defendant, but at this point in time and for purposes of a motion to dismiss, Plaintiffs are under no obligation to prove the merits of their claims. Therefore, Defendant's request to strike Plaintiffs' request for punitive damages is both inappropriate and premature. Equally inappropriate is Defendant's request to strike attorney's fees. A prevailing party may be entitled to its attorney's fees, especially whereas in the present case, Defendants have acted in a malicious and oppressive manner. Consistent with Civil Code

**Plaintiffs' Response in Opposition to Defendant Kogent Corporation's Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike**

section 3294 and federal law, Plaintiffs have pled sufficient facts entitling them to an award of punitive damages and attorney's fees.

Defendant's argument that the remaining requests for damages in Plaintiffs' "prayer" are improper is again based on the premise that no plaintiff was an employee of Kogent. As noted within, the determination of whether or not one or more of the Plaintiffs are employees cannot be decided at this stage of the litigation. Each of the Plaintiffs were employees under their respective contracts with the Defendants which qualifies them for additional damages under the California Labor Code. Given the foregoing, Defendant's Motion to Strike, as well as its Motion to Dismiss and Motion for a More Definite Statement, should be dismissed in its entirety.

## II. STATEMENT OF FACTS

Plaintiffs are all employees of one or more of the Defendants who presently reside in Canada and bring this action in a final attempt to try and collect the wages and monies rightfully owed to them. Complaint, ¶¶45-50. What is clear is that each of the Plaintiffs has performed substantial work for one or more of the Defendants, timely submitted their requests for payment, and never received payment. Complaint, ¶¶48-49. There is no dispute that Plaintiffs performed all of the works required of them under their respective contracts, and there is also no dispute that Defendants clearly breached its contracts with all of the Plaintiffs. The total outstanding amount of monies owed to the Plaintiffs exceed $375,000.00. Complaint, ¶66. Rather than pay these Plaintiffs, Defendants have chosen, through a series of convenient mergers, acquisitions, and/or dissolutions, to change their corporate structure in a way that attempts to evade liability and responsibility for their breaches. Because of their obligations

arising under California and federal law, Defendants Sudhir Saxena and Kogent Corporation are liable to Plaintiffs on multiple grounds.

### III. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See* Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying the plausibility standard articulated in *Twombly*); *Sconiers v. First Unum Life Ins. Co.,* 2011 U.S. Dist. LEXIS 126209 (N.D. Cal., Nov. 1, 2011). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). The moving party is entitled to relief only when the complaint fails to meet this liberal standard.

//

//

**Plaintiffs' Response in Opposition to Defendant Kogent Corporation's Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike**

## IV. ARGUMENT AND LAW

### A. All Plaintiffs Are Employees of Defendants

As alleged in the Complaint, all Plaintiffs are employees of the Defendants. *See* Complaint, ¶¶2-31. As this Court has held, "contractual language . . . does not establish the nature of the employment relationship as a matter of law." *Singh v. 7-Eleven, Inc.*, 2007 U.S. Dist. LEXIS 16677 (N.D. Cal. Mar. 7, 2007) citing *Real v. Driscoll Strawberry Associates, Inc.*, 603 F.2d 748 (9th Cir. Cal. 1979) (holding that the district court erred in ruling that the appellants failed to raise genuine issues of fact as to whether they are "employees" of [defendants] under the FLSA.) The Ninth Circuit in *Real* articulated:

> The Agreement labels the appellants as "independent contractors" and employs language, purporting to describe the appellants' relationship to Driscoll and DSA, that parrots language in cases distinguishing independent contractors from employees. That contractual language, however, is not conclusive in the circumstances presented here. Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA. *See Rutherford Food Corp. v. McComb, supra,* 331 U.S. at 729, 67 S. Ct. 1473; *Usery v. Pilgrim Equipment Co., supra,* 527 F.2d at 1315. Similarly, the subjective intent of the parties to a labor contract cannot override the economic realities reflected in the factors described above. *Usery v. Pilgrim Equipment Co., supra* at 1315; *Brennan v. Partida,* 492 F.2d 707, 709 (5th Cir. 1974).

*Id*. at 754. Furthermore, when giving meaning to the words "employer" and "employee" under the Act, Courts define them broadly.

> Courts have adopted an expansive interpretation of the definitions of "employer" and "employee" under 29 U.S.C.S. § 203 of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., in order to effectuate the broad remedial purposes of the Act. The common law concepts of "employee" and "independent contractor" are not conclusive determinants of the FLSA's coverage.

*Id*. The facts of this case are no different. Plaintiffs will acknowledge that pursuant to each of their contracts, Section 8.07 labels each of them as *independent contractors*. However, notwithstanding this contractual label and consistent with the above-cited case law, Plaintiffs'

**Plaintiffs' Response in Opposition to Defendant Kogent Corporation's Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike**

statuses will depend on a host of factors, not the unilateral contract drafted by Defendants. Some of those factors include but are not limited to:

> 1) the degree of the alleged employer's right to control the manner in which the work is to be performed;
>
> 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
>
> 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers;
>
> 4) whether the service rendered requires a special skill;
>
> 5) the degree of permanence of the working relationship; and
>
> 6) whether the service rendered is an integral part of the alleged employer's business.

*Id*. at 754. It is Plaintiffs' position that each of these factors supports a finding that Plaintiffs were employees, not independent contractors, under their respective contracts. To the extent that Defendant(s) take issue with this, such classification cannot and need not be decided at this stage of the litigation. Accordingly, Plaintiffs' claims arising under the Act cannot be dismissed.

### B. Defendant Kogent is Liable for its Contractual Obligations to Plaintiffs Sharma and KAAS Consulting

Kogent is liable for its contractual obligations to Plaintiffs Sharma and KAAS Consulting. In an attempt to evade liability, Kogent claims that it cannot be liable under the contract because the named party was "Kogent BI Builders" and not "Kogent Corporation." This discrepancy is of no consequence. At this stage in the litigation Plaintiffs are without the benefit of discovery and do not have access to information concerning the various relationships between Kogent Corporation and its affiliates, subsidiaries, predecessors, successors, or other related entities. Plaintiffs are also not in possession of the details of Kogent Corporation's

**Plaintiffs' Response in Opposition to Defendant Kogent Corporation's Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike**

recent mergers and/or acquisitions, but will certainly amend the Complaint when appropriate to include all related entities, including but not limited to Kogent BI Builders. However, as this claim is alleged towards Kogent Corporation, it is believed that Kogent Corporation is the parent corporation and does assume all liability for its subsidiaries and related entities, which would include Kogent BI Builders. To the extent that Plaintiffs are wrong about this assumption, it will be Defendant's burden to submit evidence showing that this is not the case. As such, Plaintiffs Sharma and KAAS Consulting's claims against Kogent Corporation are appropriate and are not subject to dismissal.

### C. Plaintiffs are Entitled to the Protections Under California Law and the FLSA

Defendant once again makes reference to the inapplicability of California's wage laws and the FLSA, but bases its entire argument on the assumption that Plaintiffs are not "employees" of any California-based "employer." *See* Defendant Kogent's Motion to Dismiss, p. 12. To the contrary, Plaintiffs' were employees employed by a California-based employer, thus entitling each of them to the protections under California law and the FLSA. Defendant's reliance on *Sullivan v. Oracle Corporation* (2011) 51 Cal.4th 1191 is therefore distinguishable. In addition, though Plaintiffs' Complaint makes no reference to any of the Plaintiffs performing work in California, Plaintiffs request that this Court grant them leave, upon the filing of a proper motion, to amend the Complaint to include such allegations.

### D. Plaintiffs' Claims of Fraud and Negligent Misrepresentation are Sufficiently Pled

As Defendant correctly notes, in order to sufficiently state a claim for fraud and negligent misrepresentation, the facts constituting the fraud and/or negligent misrepresentation must be alleged with specificity. *See Roberts v. Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.3d 104. In addition, in order to bring a claim against a corporation for making fraudulent

**Plaintiffs' Response in Opposition to Defendant Kogent Corporation's Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike**

misrepresentations, it is necessary to allege "the name of the person who spoke, his authority to speak, to whom he spoke, what he said or wrote, and when it was said or written." *Archuleta v. Grand Lodge etc. of Machinist* (1968) 262 Cal.App.2d 202, 208-09. Here, Plaintiffs' Complaint satisfies all of these requirements, and Defendant fails to direct this Court to what, if any, deficiencies exist in Plaintiffs' allegations of fraud and negligent misrepresentation.

Defendant also inaccurately tries to draw a comparison with the present case to *Tarmann v. State Farm Mutual Automobile Insurance Company* (1991) 2 Cal.App.4th 153. *Tarmann* stands for the proposition that negligent misrepresentation "must ordinarily be as to past or existing material facts. Predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." *Id*. at 158. Such is not the case here. The representations at issue are not merely promises to perform in the future. Listed at paragraph 83 of the Complaint are several examples of representations that were made during a phone conversation between Plaintiff Sharma and Saxena, but this list of representations is not exhaustive. Numerous other misrepresentations were made (i.e. Kogent's current state of financial affairs) which were clearly statements of past or existing fact, but for purposes of a motion to dismiss, Plaintiffs have satisfied their burden.

In another attempt to dispose of Plaintiffs' fraud claims, Defendant argues that Plaintiffs Sharma and KAAS Consulting have not detrimentally relied on any material misrepresentations by Saxena. Again, such arguments are heavily misplaced. Plaintiffs Sharma and KAAS Consulting need not prove the merits of their claims at this point of the litigation. Plaintiffs' allegations of detrimental reliance are sufficient to support a claim for fraud and negligent misrepresentation. Consistent with every claim made by Plaintiffs, a cursory review of the Complaint reveals that sufficient facts are set forth to support each element of the claims.

### E. Plaintiffs' Claims of Conversion and Unjust Enrichment are Adequately Set Forth in the Complaint

Plaintiffs' Complaint adequately sets forth a claim of relief for conversion and unjust enrichment. In an attempt to refute this, Defendant submits to this Court two sentences that do

**Plaintiffs' Response in Opposition to Defendant Kogent Corporation's Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike**

nothing more than regurgitate Defendant's position that Saxena cannot be held liable because he is not an "employer" and Plaintiffs are not "employees" under the Act. As stated throughout, Plaintiffs can and should be considered an "employees" under the Act, and similarly, Defendant Saxena should be considered an "employer." Accordingly, Defendant can be held liable in his individual capacity for conversion and unjust enrichment.

### F. Kogent is Liable Under the Portal-to-Portal Act

Defendant Kogent clearly has liability under the Portal-to-Portal Act of 1947. Once again, Defendant appears to be "puzzled" because of his continued assumptions that the Plaintiffs are independent contractors, not employees. Because it is Plaintiffs' position that they are employees under the Act, Plaintiffs' can prevail on its claims under the Portal-to-Portal Act, as alleged.

### G. Defendant's Motion for a More Definite Statement Should be Denied

Defendant moves this Court for a More Definite Statement based on the alleged premise that it is "impossible" for the Defendants to determine against whom certain claims are made. Despite this "impossibility," Defendants have managed to sort out the claims, evidenced by their motions to dismiss which are being filed separately. These motions also specifically (and correctly) identify the claims against them. It therefore seems apparent that the Defendants are clear as to whom certain claims are being made against, thus making this motion moot.

Pursuant to Fed. R. Civ. P. 8(a)(2), all that is required in a complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs have done just that. With the exception of Plaintiffs' claim under the Portal-to-Portal Act (which has since been clarified), each of Plaintiffs' claims is specific as to which party it is against. Plaintiffs have aggregated their claims but unlike a "fraud claim", there is no requirement of specificity to break down a monetary claim, especially whereas here, damages are still accruing. As can be noted in the Complaint, those claims and allegations which are directed against certain Defendants are so specified. *See* Complaint. Therefore, Defendant's Motion is without merit and should be denied.

**Plaintiffs' Response in Opposition to Defendant Kogent Corporation's Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike**

### H. Defendant's Motion to Strike Should be Denied

Defendant's motion to strike is not well-taken. Defendant's motion is based on the false premise that punitive damages, "additional damages" under California Labor Code sections 203 & 210, and attorney's fees are not recoverable in the present action. To the contrary, each of these remedies is recoverable, as set forth herein. Plaintiffs will address each in turn.

#### 1. Punitive Damages are Recoverable Under California Law

Punitive damages are clearly recoverable under California law. Despite Defendant's statements to the contrary, his memorandum even acknowledges this. *See* Defendant Saxena's Motion to Dismiss, p. 12 (noting that "[p]unitive damages are disfavored under California law"). Consistent with the authority cited in Defendant's memorandum, punitive damages are appropriate when a plaintiff is able to prove that a defendant has been guilty of oppression, fraud, or malice. *Id.* (citing California Civil Code section 3294(a)). Within Plaintiffs' complaint are multiple causes of actions, many of which allow for punitive damages, such as Plaintiffs' fraud claim. Plaintiffs make no allegations (and Defendant fails to refer to any) that indicate that Plaintiffs are requesting punitive damages for their breach of contract claims. Plaintiffs' request for relief simply asks this Court for an award of punitive damages where applicable, assuming that Plaintiffs prevail on their claims. Plaintiffs have in good faith alleged fraud and malice which, by Defendant's own admission, could entitle Plaintiffs to punitive damages. Defendant's motion to strike is therefore procedurally improper and should be denied.

#### 2. "Additional Damages" and Attorney's Fees are Recoverable Under California Law

Plaintiffs' request for "additional damages" is equally recoverable under California Labor Code sections 203 & 210. Defendant's sole reason for moving to strike these damages is because "no plaintiff was an employee of Kogent." As discussed above, it is alleged that all Plaintiffs are employees of Kogent, thus entitling them to additional damages. Additionally,

**Plaintiffs' Response in Opposition to Defendant Kogent Corporation's Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike**

attorney's fees can be recovered by a prevailing party under certain circumstances, which Plaintiffs allege are warranted in this case.

### V.     CONCLUSION

For the foregoing reasons, this Court should deny Defendant Kogent Corporation's Motion to Dismiss, Motion to Strike, and Motion for a More Definite Statement.

Dated:  November 7,  2011         Respectfully submitted,


 ␣␣/s/ Avonte D. Campinha-Bacote␣␣␣␣␣␣
Avonte D. Campinha-Bacote (Pro Hac Vice)
Campinha-Bacote & Starling, LLC
341 South Third Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 453-4276
Facsimile:  (614) 228-0520
Email: Avonte.Campinha-Bacote@CBandStarling.com

Tiffany N. Romine (SBN 269755)
2315 N. Fairview St. Space D
Burbank, CA 91504
Telephone: 614-202-8546
Facsimile: 614-228-0520
Email: tnromine@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                               */s/ Avonte Campinha-Bacote*
                                               Avonte D. Campinha-Bacote