UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INDER SINGH, ET AL. ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> ) <br> KOGENT CORPORATION, ET AL., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 11-CV-03934-EJD (PSG) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** <br><br> **(Re: Docket No. 51)** |

Plaintiffs Inder Singh, Tee Ess Solutions, Inc., Allan Carruthers doing business as 360 Solutions, Chad Brown, 0775006 BC Ltd. doing business as Crystalline Technologies, Inc., Anuj Sharma, Kaas Consulting, Inc., Charles Lin, Duncan Wood, 534294 BC Ltd., Gino Terrigno, Kathryn Chilton, Numetrix Systems, Michael Chou, Zentium Solutions, Inc., Kevin Lee, Fresanova Consulting, Inc., Amir Segev, and SGV, Inc. (collectively "Plaintiffs") move for attorneys' fees and costs. Defendants Kogent Corporation ("Kogent") and Sudhir Saxena ("Saxena") (collectively "Defendants") oppose the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on April 24, 2012 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Plaintiffs' motion for attorneys' fees and costs is DENIED.

On August 10, 2011, Plaintiffs filed their complaint against Kogent and Saxena, its Chief Executive officer.[1] On September 12, 2011, Saxena appeared in the case. On October 4, 2011, Plaintiffs first requested that Defendants produce the applicable insurance policy. On November 18, 2011, Kogent filed a notice of bankruptcy case filing and automatic stay.[2] On December 6, 2011, the presiding judge stayed the case against Kogent but ordered that the case proceed against Saxena and Defendant SMB Business Intelligence Builders, Inc. ("SMB").[3]

Plaintiffs again requested that Saxena produce the applicable insurance policy. Saxena did not respond. On February 17, 2012, Plaintiffs filed a motion to compel the applicable insurance policy.[4] On February 29, 2012, Saxena served initial disclosures and the applicable insurance policy. On March 2, 2012, Plaintiffs withdrew their motion to compel.[5]

Because Saxena was obligated to produce the applicable insurance policy under Fed. R. Civ. P. 26(a)(1)(A)(iv) and did not do so until Plaintiffs filed a motion to compel its production, they argue that Saxena should be ordered to pay the attorneys' fees and costs incurred in bringing the motion. They contend that a Rule 26(f) conference was held on October 4, 2011 and lasted approximately 43 minutes.[6]

Saxena responds that there are no grounds here to award Plaintiffs attorneys' fees and costs. First, discovery by demand is not permitted until after the case management conference has been held or the case management order has issued. Second, because the case management conference was re-set twice, the last day for the parties' Rule 26(f) conference shifted as well. When the case management conference was rescheduled from November 1, 2011 to March 2, 2012, the last day for the parties' Rule 26(f) conference changed to February 10, 2012. Saxena contends that his initial disclosures were due no later than February 24, 2012. He disputes that the parties ever held a

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 37.

[3] *See* Docket No. 40.

[4] *See* Docket No. 47.

[5] *See* Docket No. 50.

[6] *See* Docket No. 55 at ¶ 9.

2
Case No.: C 11-3934 EJD (PSG)
ORDER

Rule 26(f) conference.[7] Third, neither Kogent nor Saxena ever refused to produce the applicable insurance policy. Fourth, the applicable insurance policy names Kogent as the policy holder and is the property of the bankruptcy estate. Saxena therefore had no obligation under Rule 26(f) to produce it. On this basis alone, Plaintiffs' motion to compel its production would have been denied. Saxena also notes that his counsel's brother died on January 24, 2012 and he had to travel to Montana for a funeral that was held on February 25, 2012. In addition, Saxena notes that Plaintiffs failed to include a declaration setting forth the actual fees and costs that they seek.

Fed. R. Civ. P. 37(a)(5)(A)(iii) provides that a court must not order payment of otherwise reasonable expenses, including fees, if circumstances make an award of expenses unjust. The court finds that an award here would be unjust in light of the confusion surrounding whether a Rule 26(f) was ever held, the scheduling changes that arose in the case, and the timing of the unfortunate death in Saxena's counsel's family.

**IT IS SO ORDERED.**

Dated: 4/16/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[7] *See* Docket No. 54.

Case No.: C 11-3934 EJD (PSG)
ORDER

3